Anthony Cellucci, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
900 Merchants Concourse, Suite 310
Westbury, NY 11590
Telephone: 516-280-7675
acellucci@raslg.com

United States District Court
Eastern District of New York

Onity Mortgage Corporation f/k/a PHH Mortgage Corporation,

Plaintiff,

-against-

Carolyn Susan Baiko a/k/a Carolyn Baiko; Secretary of Housing and Urban Development,

"John Doe #1" through "John Doe #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint,

Defendant(s).

Civil Action No. 26-CV-06722

**COMPLAINT**

Plaintiff, Onity Mortgage Corporation f/k/a PHH Mortgage Corporation, ("Plaintiff") by and through its attorneys, Robertson, Anschutz, Schneid, Crane & Partners, PLLC as and for its Complaint of foreclosure of the premises and mortgage against Defendants, Carolyn Susan Baiko a/k/a Carolyn Baiko and Secretary of Housing and Urban Development (collectively the "Defendants"), respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.,* to foreclose on a mortgage encumbering the property

commonly known as 2460 Orange Street, Bellmore, New York 11710; known on the Nassau County Tax Map as Section 56, Block 312, Lot(s) 616-617 in the County of Nassau, and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as ***Exhibit "A"***.

**PARTIES**

2. Onity Mortgage Corporation f/k/a PHH Mortgage Corporation, is a corporation organized under the laws of the State of New Jersey with its principal place of business in the State of New Jersey. It is a citizen of New Jersey.

3. Carolyn Susan Baiko a/k/a Carolyn Baiko, is a resident and citizen of the State of New York, with a place of domicile at 2460 Orange Street, Bellmore, New York 11710. Carolyn Susan Baiko a/k/a Carolyn Baiko, is a necessary party defendant to this action by virtue of the fact that she is a record owner of the subject property and obligor of the Note and Mortgage being foreclosed. Evidence of Carolyn Susan Baiko a/k/a Carolyn Baiko's place of domicile is annexed hereto as ***Exhibit "B"***, which includes a printout from the Department of Motor Vehicles and an Accurint search showing the subject property address as her place of domicile.

4. Secretary of Housing and Urban Development, is a federal agency of the United States of America, with a principal place of business at 451 7th Street SW, Washington, District of Columbia 20410. Secretary of Housing and Urban Development, is necessary party defendant to this action by virtue of the fact that it is the holder of a Subordinate Mortgage. Secretary of Housing and Urban Development, as an agency of the United States of America, has consented to jurisdiction under the facts of this case pursuant to 28 USC 2410.

5. The John Doe Defendants are persons, parties, corporations or other entities, if any who are presently unknown to Plaintiff, holding or claiming to hold certain leaseholds, tenancies,

sub-tenancies, possessory or other interests, including partnership interests, in and to any judgment or liens upon the Subject Property.

6. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, is subject and subordinate to, the lien of said Mortgage.

**JURISDICTION AND VENUE**

7. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

8. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

**FACTUAL BACKGROUND**

9. (a) On September 12, 2011, Carolyn Susan Baiko a/k/a Carolyn Baiko executed a Note to Genworth Financial Home Equity Access, Inc. On September 12, 2011, Carolyn Susan Baiko a/k/a Carolyn Baiko, executed a Mortgage in the principal amount of $690,000.00 and interest to Mortgage Electronic Registration Systems, Inc. as nominee for Genworth Financial Home Equity Access, Inc. The applicable mortgage tax was paid. Said Mortgage was recorded on September 29, 2011, in Nassau County in Liber Book M 36427 at Page 138 ("Mortgage"). A copy of the Note is annexed as ***Exhibit "C"*** and a copy of the Mortgage is annexed as ***Exhibit "D".***

(b) Said Mortgage was assigned to the Plaintiff by Assignment of Mortgage as reflected in the Schedule of Assignments annexed as ***Exhibit "E"***. A copy of said Assignment

of Mortgage is also annexed as ***Exhibit "E"***.

10. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

11. Plaintiff is the owner and holder of said Note and Mortgage or has been delegated the authority to institute a mortgage foreclosure by the owner and holder of the said Note and Mortgage.

12. Plaintiff alleges as the basis of default under the terms of the Subject Note, Subject Mortgage and, if applicable, the HECLA:

______ A Borrower has died and the Property is not the principal residence of at least one surviving Borrower.

______ All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) has been sold or otherwise transferred and no other Borrower retains (a) title to the Property in fee simple, (b) a leasehold under a lease for not less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower, or (c) a life estate in the Property (or a beneficial interest in a trust with such an interest in the Property)

______ The Property has ceased to be the principal residence of Borrower for reasons other than death, and the Property is not the principal residence of at least one other Borrower.

______ For a period of longer than twelve (12) consecutive months, a Borrower has failed to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower.

______ The Borrower has failed to submit a required certificate of occupancy.

__X___ The Borrower has failed to make required payments for taxes, property insurance and/or water/sewer charges.

______ The Borrower has failed to maintain the property.

13. The Secretary of Housing and Urban Development approved acceleration of the debt on April 10, 2026.

14. Plaintiff has complied with all contractual conditions precedent including the service of a 30-day notice to cure.

15. Plaintiff hereby declares that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable.

16. Plaintiff has complied with RPAPL §1304 and RPAPL §1306. Copies of the 90 day notices and the proof of filing statement(s) are annexed hereto as ***Exhibit "F"***.

17. Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a of the Banking Law and any rules and regulations promulgated thereunder, and Section 6-1 or 6-m of the Banking Law and RPAPL §1304, except where it is exempt from doing so.

18. To the extent applicable, Plaintiff has complied with RPL 280-b and RPL 280-d.

19. As of the date herein, the Defendants have failed to cure the above-described default.

20. Due to the above-described default, as of October 8, 2026 the Defendants are indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

a. The total sum of $784,926.90, (Seven Hundred Eighty Four Thousand Nine Hundred and Twenty Six Dollars and 90/100 cents)

b. Attorney's fees and other costs and disbursements, payable to Onity Mortgage Corporation f/k/a PHH Mortgage Corporation, under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

21. Pursuant to the terms of the Subject Mortgage, the amount due and owing is subject to change as the sums as provided for in the Subject Note, Subject Mortgage and, if applicable, the HECLA are added to and become part of the unpaid principal balance.

22. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

a. Any state of facts that an inspection of the premises would disclose.

b. Any state of facts that an accurate survey of the premises would show.

c. Covenants, restrictions, easements and public utility agreements of record, if any.

d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

e. Any right of tenants or person in possession of the subject premises.

f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

g. Prior lien(s) of record, if any.

23. In the event that Plaintiff possesses any other lien(s) against said mortgaged

premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiffs cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

24. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

25. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof, or if any such action is pending, a final judgment was not rendered in favor of Plaintiff and such action is intended to be discontinued.

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK**

**WHEREFORE,** the Plaintiff demands judgment that the Defendant(s) and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this Complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of plaintiffs Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiffs cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff,

and that the plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: October 13, 2026

Yours, etc.

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Plaintiff

*/s/ Anthony Cellucci, Esq.*
____________________________

Anthony Cellucci, Esq.
900 Merchants Concourse, Suite 310
Westbury, NY 11590
516-280-7675

United States District Court
Eastern District of New York

Onity Mortgage Corporation f/k/a PHH Mortgage Corporation,

Plaintiff,

- against –

Carolyn Susan Baiko a/k/a Carolyn Baiko; Secretary of Housing and Urban Development,

"John Doe #1" through "John Doe #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint,

Defendants.

# COMPLAINT

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
*Attorneys for Plaintiff*
900 Merchants Concourse, Suite 310
Westbury, NY 11590
Phone: 516-280-7675